UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>**v.**                                                       )<br>)<br>**SASHA PHILLIPS,**                            )<br>)<br>**DEFENDANT/PETITIONER**  ) | **CRIMINAL NO. 2:10-CR-136-DBH-04** |

**ORDER ON MOTION FOR RECONSIDERATION**

On February 6, 2015, I denied the defendant's motion to reduce sentence under the newly amended drug calculations "[b]ecause the original sentence I imposed is equal to the low end of the revised guideline range," and the Sentencing Commission had stated in Guideline 1B1.10(b)(2)(A) that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." Order on Mot. to Reduce Sentence at 2, No. 2:10-cr-136-DBH-04 (D. Me. Feb. 6, 2015). The defendant now has moved for reconsideration. She points out that defendants who initially obtained a reduced sentence on account of cooperation under § 5K1.1 can have a similar reduction applied to their newly-calculated lower sentence under the changed Guidelines. See U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). She argues that it is unconstitutional, a denial of equal protection, to deny the same benefit to those who initially received a lower sentence under the section

3553(a) factors, as she did.[1]  She does not claim that the distinction creates a suspect classification that demands heightened scrutiny, but argues that the differential treatment fails even the rational basis test and is arbitrary.  The government has responded to the motion for reconsideration.

I now **DENY** the motion for reconsideration.  The Sentencing Commission's differential treatment of the two categories of sentenced defendants is not unconstitutional as a denial of equal protection.  Although I am aware of no First Circuit ruling on this precise question, the Third Circuit has persuasively explained the reasons for that conclusion in ruling on a similar motion in <u>United States v. Deamues</u>, 553 F. App'x 258, 260–61 (3d Cir. 2014).  I rely upon that decision and see no reason to repeat <u>Deamues</u>' reasoning here.

SO ORDERED.

DATED THIS 5TH DAY OF MAY, 2015

/S/D. BROCK HORNBY
D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE

---

[1] The Fifth Amendment prohibits the federal government from depriving a person of life, liberty or property without due process of law, but it has been interpreted to include the benefit of the equal protection of the laws, a phrase that actually appears in the Fourteenth Amendment, applicable to state governments.  <u>United States v. Windsor</u>, 133 S. Ct. 2675, 2695 (2013) (citing <u>Bolling v. Sharpe</u>, 347 U.S. 497, 499–500 (1954)).